Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 188 | **DATE** | November 24, 2004 |
| **CASE TITLE** | Harrington v. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Before the court is plaintiffs' motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons set forth below, the motion is denied. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices MAILED by judge's staff. | | **NOV 3 0 2004** date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED
NOV 3 0 2004

RICHARD HARRINGTON, et al., )
)
       Plaintiffs, )
) No. 03 C 188
       v. )
)
CITY OF CHICAGO, et al., )
)
       Defendants. )

## MEMORANDUM OPINION

Before the court is plaintiffs' motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons set forth below, the motion is denied.

### BACKGROUND

On January 9, 2003, plaintiffs Richard Harrington, Tavares Harrington, Tyjuan Kidd and Brenda Johnson filed this excessive force action pursuant to 42 U.S.C. § 1983 against several Chicago police officers and the City of Chicago. A Rule 16 conference was held on September 16, 2003. In an inauspicious beginning to his representation in this case, plaintiffs' attorney, T. Lee Boyd, failed to appear. We entered a minute order stating, in relevant part:

> Plaintiffs' attorney fails to appear at
> this Rule 16 conference and it is therefore
> impossible to accomplish anything substantial
> today. Defense counsel state that plaintiffs'
> counsel did not produce any written materials



> pursuant to the order of July 2, 2003, and
> they have no information as to what damages
> plaintiffs are claiming. Plaintiffs are
> directed to furnish to defense counsel,
> within 14 days, copies of all bills, medical
> reports or other documents that may indicate
> injuries or medical expenses involved in the
> occurrence, as well as any other documentation
> of special damages. A further status
> conference will be held on October 22, 2003
> at 10:30 a.m. to discuss the further handling
> of the case. Failure of counsel for plaintiffs
> to appear at that conference will result in a
> dismissal of the case for want [of] prosecution.

(Min. Order, Sept. 16, 2003.) On September 30, 2003, plaintiffs sent defendants photographs of Tavares and Richard Harrington that presumably showed their alleged injuries. An accompanying letter signed by Boyd stated that he had requested medical records and would forward them to defendants as soon as they were received.

All counsel were present at the October 22 status hearing. Based on Boyd's representation that criminal proceedings related to the events underlying this suit were pending against the two Harrington plaintiffs, we stayed their depositions until after February 1, 2004. Remaining discovery was to proceed, and all discovery would close on April 30, 2004.

On October 31, 2003, the police officer defendants served each plaintiff with interrogatories, document requests, and deposition notices. The deposition of Tyjuan Kidd was scheduled for December 12, 2003, Brenda Johnson's deposition was set for December 15, 2003, and in accord with the stay order, Richard and Tavares Harrington's depositions were noticed for February 3 and 4,

2004, respectively. After the first three plaintiffs failed to appear for their depositions, defense counsel left Boyd a telephone message and faxed him a letter, both inquiring whether Tavares Harrington, the fourth deponent, would appear. There was no response. So defendants re-noticed the depositions for dates in late February and early March of 2004, and requested, in writing, that the overdue discovery responses be forwarded to defendants by February 11, 2004. Again, Boyd did not respond.

On February 26, 2004, after Richard Harrington failed to appear at the first of the re-scheduled depositions, defense counsel sent Boyd a letter inquiring as to the status of the remaining depositions and requesting that the outstanding discovery be sent to defendants by March 1, 2004. Boyd did not respond, furnished no discovery, and allowed the re-scheduled deposition dates to come and go without making any contact whatsoever. On March 31, 2004, the City of Chicago served interrogatories and document requests on plaintiffs relating to their Monell policy claims. As with the individual officers' discovery requests, the City's efforts went unanswered.

We held a status hearing on April 28, 2004, two days before discovery was scheduled to close. Boyd failed to appear at the hearing, instead sending a paralegal, whom we refused to recognize as a substitute for counsel. Defense counsel was present and recited the procedural history outlined above - plaintiffs had

failed to appear at twice-scheduled depositions, failed to respond to any of defendants' written discovery requests, and had not replied to any of defendants' correspondence or telephone calls. Nor, incidentally, had plaintiffs propounded any discovery of their own. As of April 28, 2004, plaintiffs' only action in pursuing the case, apart from filing the complaint, was sending defendants photographs of the Harrington plaintiffs six months earlier. After hearing from defense counsel, we *sua sponte* dismissed the case for want of prosecution "due to plaintiffs' complete and consistent failure to cooperate in discovery." (Min. Order, April 28, 2004); see also Fed. R. Civ. P. 41(b); N. D. Ill. Local Rule 41.1.

On May 10, 2004, plaintiffs filed a motion to vacate the dismissal order. At the motion's presentment on May 19, 2004, we stated:

> The reason I dismissed the case, Mr. Boyd, is that I was impressed with [defense counsel's] long recitation of defaults on your part. I mean, it wasn't just that you failed to show up last week; it was a long history, starting with your failure to appear at the Rule 16 conference. That was the first crack out of the box. And it just appeared to me that you're uninterested in this case.

(May 19, 2004 Tr., p. 2.) In presenting plaintiffs' motion, Boyd represented the following to the court: "Judge, I have been practicing 31 years and I have been in and out of these courtrooms, Judge, and I have never had this kind of situation occur." (Id., p. 7.)

## DISCUSSION

Two avenues of recourse are available to a party seeking postjudgment relief in the district court – a motion to alter or amend judgment pursuant to Rule 59(e), or a motion to vacate judgment under Rule 60(b). Rule 59(e) allows the movant to bring to the court's attention a manifest error of law or fact, or newly discovered evidence, see Bordelon v. Chicago School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000), while Rule 60(b) permits a party to seek relief on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud. See Fed. R. Civ. P. 60(b). Plaintiffs' motion does not specify the Rule under which it is filed. However, the only arguable basis for relief presented in the motion is Rule 60(b)'s "excusable neglect." Also, the motion's caption and request for relief use the word "vacate," the language used in Rule 60(b). We therefore will evaluate the motion under that rule.[1] It is well-established that "Rule 60(b) relief 'is an extraordinary remedy and is granted only in exceptional circumstances.'" Dickerson v. Bd. of

---

[1] We are aware of the judge-made rule that substantive post-judgment motions filed within ten days of judgment, such as this one, are treated as Rule 59(e) motions, and those filed beyond the ten day limit are treated as Rule 60(b) motions. That rule, however, "has the limited purpose . . . of reducing disputes over appealability that arise from the fact that a Rule 59(e) motion tolls the time for filing an appeal from the judgment . . . while a Rule 60(b) motion does not," and "has nothing to do with the question what standard a judge should apply in evaluating a postjudgment motion." Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993). So where, as here, a party seeks to bring a motion within ten days of judgment under grounds articulated in Rule 60(b), our Circuit's ten-day rule does not prevent him from doing so. In any event, were we to evaluate the motion under Rule 59(e), the result would be the same.

Educ. of Ford Hghts., 32 F.3d 1114, 1116 (7th Cir. 1994) (citations omitted). And relief under Rule 60(b) from a dismissal for lack of prosecution is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Id.

Construed generously, we take three arguments from plaintiffs' motion to vacate. First, plaintiffs point out that the criminal case against the Harringtons remained pending at the time the defendants scheduled their depositions. This gets plaintiffs nowhere. The Harringtons' depositions were stayed until February 1, 2004. Their depositions, however, were scheduled for February 3 and 4, 2004, and then February 26 and March 2, 2004. If plaintiffs objected to these depositions because the criminal matter was unresolved, it was incumbent upon them to seek an extension of the stay. Plaintiffs did not do so. Instead, they idly sat by while defendants repeatedly attempted to obtain the depositions of parties whom plaintiffs apparently had no intention of producing. Moreover, even if plaintiffs *had* obtained an extension of the stay, our order was quite narrow; it read: "It is ordered that the depositions of the Harrington plaintiffs are stayed until after 2/1/04." (Min. Order, Oct. 22, 2003.) Therefore, the order did not suspend *written* discovery as to the Harringtons, or *any* discovery as to plaintiffs Kidd and Johnson. Yet plaintiffs offer nothing to excuse their wholesale failure to respond to such discovery.

Next, plaintiffs state, with no development or citations, that defendants never filed any motions to compel discovery. Presumably, plaintiffs are contending that the dismissal order was premature absent defendants' filing of discovery motions and plaintiffs' non-compliance with an order granting them. The argument is misplaced. Our dismissal - based on "plaintiffs' complete and consistent failure to cooperate in discovery" - need not have been preceded by anything other than an express warning, which was clearly given in this case. See Ball, 2 F.3d at 755-56 ("There is no 'grace period' before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.").

Finally, plaintiffs seek relief from our dismissal order because their "counsel['s] schedule, was to say the least, seriously disrupted" by the death of his sister on January 10, 2004 and the death of his father on February 23, 2004. (Pls.' Mot., p. 3.) To begin with, we have no trouble imagining the disruptive effect that the deaths of two immediate family members in as many months might have on one's day-to-day affairs. The question, however, is whether these circumstances excuse Boyd's conduct. Defendants argue that Boyd's family circumstances are only relevant to his conduct at or around the time they occurred, and cannot be offered to explain Boyd's negligent behavior in the months preceding and following the deaths of his family members.

Naturally, the mitigative weight assigned to Boyd's family circumstances would be greater for some of his delicts than it would be for others, depending on when they occurred. We need not go down that road, however. As a general rule, an attorney's negligence may only be excused by serious family problems if it is the attorney *himself* who is incapacitated. See e.g., Dickerson, 32 F.3d at 1118 ("Where, for example, courts have recognized that severe illness may constitute excusable neglect for failure to file a timely appeal, only the attorney's own incapacitating illness has been considered relevant."). We see no reason to depart from that rule here. While we realize that Boyd was going through a difficult period during a portion of this case, there is nothing in the record to suggest that Boyd's circumstances prevented him from advising the court or defendants of his situation. Had he done so, we have no doubt that appropriate accommodations would have been made.

Compounding matters further, when presenting this motion, Boyd represented the following to the court: "Judge, I have been practicing 31 years and I have been in and out of these courtrooms, Judge, and I have never had this kind of situation occur." (May 19, 2004 Tr., p. 7.) Our research suggests otherwise; suffice it to say, Boyd's outright disregard for court orders and rules of procedure is not limited to this case. See Russell v. O'Grady, 908 F.2d 975 (7th Cir. 1990) (unpublished opinion); Crawford v. Bank of America, 181 F.R.D. 363 (N.D. Ill. 1998).

In sum, the only ground for relief proffered by plaintiffs is their attorney's gross negligence. It is clear, however, that "attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004); see also Harold Washington Party v. Cook County, 984 F.2d 875, (7th Cir. 1993) ("When a party abdicates its responsibilities through its attorneys' carelessness, relief from judgment under Rule 60(b) is not warranted.").

We recognize that plaintiffs themselves may be blameless. But clients are held accountable for the acts and omissions of their attorneys. Easley, 382 F.3d at 699. "If the lawyer's neglect protected the client from ill consequences, neglect would become all too common. It would be a free good." Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 247 (7th Cir. 2003). To the extent plaintiffs believe their claim is meritorious (an issue on which we express no opinion), they could pursue whatever remedies they may have against their counsel for failing to prosecute this suit in a minimally competent manner.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to vacate judgment is denied.

DATE:     November 24, 2004

ENTER:    _____

          John F. Grady, United States District Judge